KING, Justice,
for the Court:
¶ 1. In this wrongful death action against a nursing home, the nursing home moved to compel arbitration, arguing that the nursing home resident was the third-party beneficiary to the admission and arbitration agreements signed by his sister. The trial court denied the motion, finding that no valid contract was signed by someone with the legal authority to do so, and the nursing home appeals. Because the *564 resident’s sister lacked the authority to contract for him and, thus, no valid contract exists, this Court affirms the trial court’s denial of the motion to compel arbitration.

FACTS AND PROCEDURAL HISTORY

¶ 2. Mose Cooper was admitted to GGNSC Batesville, LLC d/b/a Golden Living Center of Batesville (“Golden Living”) on August 4, 2008. Upon admission, his sister, Catherine Johnson, signed his admission agreement.[1] In addition to the admission agreement, Johnson signed a separate arbitration agreement as an “authorized representative.” The arbitration agreement stated that it was “executed by Golden Living (the ‘Facility) and Mose Cooper (‘Resident’ or ‘Resident’s Authorized Representative’ hereafter collectively referred to as ‘Resident’).” The arbitration agreement further provided that it was “not a condition of admission” and that, upon execution, it “becomes part of the Admission Agreement.” Cooper resided at Golden Living until September 11, 2008. He passed away on February 16, 2009.
¶ 3. On September 8, 2009, the court appointed Johnson as administratrix of Cooper’s estate, pursuant to Johnson’s petition requesting the same. On May 24, 2010. Johnson, individually and as adminis-tratrix of Cooper’s estate, filed suit against Golden Living and several other hospitals and nursing homes that had provided services to Cooper for negligence and wrongful death, among other things.[2] She filed an Amended Complaint on August 2, 2010. On October 27, 2010, Golden Living filed a Motion to Dismiss or to Stay Pending Arbitration Determination, representing that it had filed a declaratory judgment suit against Johnson in federal court, to allow the federal court to make a determination regarding arbitration. Johnson filed a Second Amended Complaint, and Golden Living subsequently filed an Amended Motion to Dismiss or to Stay Case Pending Arbitration Determination. Golden Living eventually dismissed the federal court action and filed a Motion to Dismiss Proceeding and to Compel Arbitration in the circuit court on April 1, 2011.
¶ 4. The court heard arguments on the motion and subsequently denied Golden Living’s motion to dismiss and compel arbitration. The court concluded that no evidence of a lack of capacity existed, as “[n]either party presented a declaration by Cooper’s primary physician stating that Cooper was incapable of managing his affairs prior to Johnson’s signing the admissions agreement with the arbitration agreement.” Further, the court noted that “signing the arbitration provision was not a part of the consideration necessary for Cooper’s admission as it said it was not a condition of admission.” The court then examined whether Cooper was an intended third-party beneficiary of the agreement. The court found that “there was no valid contract because [there was] no one with legal capacity or authority to sign the arbitration agreement on behalf of Cooper.” Because there was no valid contract, the court declined to reach the issue of whether Cooper was a third-party beneficiary to the arbitration agreement. Aggrieved, Golden Living appeals solely on the issue of whether Cooper “was the intended third party beneficiary of the arbitration agreement and related admission agreement.”[3] *565 Johnson argues that she lacked the authority to bind Cooper to a contract, and without a valid contract, this Court need not reach the third-party beneficiary analysis.

ANALYSIS

¶ 5. “The denial of a motion to compel arbitration is reviewed de novo.” Adams Cmty. Care Ctr., LLC v. Reed, 37 So.3d 1155, 1158 (Miss.2010). The Federal Arbitration Act (“FAA”) governs nursing-home admission agreements that contain an arbitration clause. Id. The FAA mandates that courts use a two-pronged inquiry to determine whether to compel arbitration. Id. First, a court must determine whether the parties intended to arbitrate the dispute. Grenada Living Ctr., LLC v. Coleman, 961 So.2d 33, 36 (Miss.2007). Second, a court determines whether external legal constraints foreclose arbitration of the claims.[4] Id.
¶ 6. The first prong examines both whether a valid arbitration agreement exists and whether the parties’ dispute is within the scope of the arbitration agreement. Reed, 37 So.3d at 1158. To determine whether a valid arbitration agreement exists, this Court applies the law of contracts. Id. “The elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation.” Id. (emphasis added) (internal quotations omitted).
¶ 7. For a third-party beneficiary to exist, a valid contract must first exist. Reed, 37 So.3d at 1160. The arbitration agreement explicitly states that it is between Golden Living and Cooper, with Johnson signing only as Cooper’s representative. The question is thus whether Johnson had the ability to bind Cooper to the contract. The parties concede that Johnson was not Cooper’s health-care surrogate under Mississippi Code Section 41-41-211(1) and that Johnson did not possess actual authority over Cooper. See Miss. Code Ann. § 41-41-211(1) (Rev.2009). Thus, we must determine whether Johnson had apparent authority to contract for Cooper.
¶ 8. To prove that Johnson had apparent authority over Cooper, Golden Living “must put forth sufficient evidence of (1) acts or conduct of the principal indicating the agent’s authority, (2) reasonable reliance upon those acts by a third party, and (3) a detrimental change in position by the third person as a result of that reliance.” Reed, 37 So.3d at 1160. The record is utterly devoid of any acts or conduct of Cooper indicating that Johnson was his agent for the purpose of making healthcare decisions. See id. Because Golden Living failed to put forth sufficient evidence, or indeed any evidence at all, of prong one, we need not address prongs two and three. See id. Thus, Johnson did not have the apparent authority to bind Cooper to the contract, and consequently, a valid contract does not exist.
¶ 9. Because a valid contract does not exist, a third-party beneficiary cannot exist. See id.; Coleman, 961 So.2d at 38 *566 (finding no merit in a third-party beneficiary argument in connection with a nursing home admission and arbitration agreement because, absent evidence to the contrary, no one had authority to speak for the principal except himself). Golden Living failed to put forth any evidence of Johnson’s apparent authority to execute the admission and arbitration agreements. See Reed, 37 So.3d at 1160. Thus, we need not reach the third-party beneficiary argument because we find that no valid contract exists. Because no contract, and thus no arbitration provision, exists between Cooper and Golden Living, Cooper’s estate and his wrongful death beneficiaries are not bound by the arbitration agreement.

CONCLUSION

¶ 10. The record before us provides only an arbitration agreement that explicitly states that it is between Mose Cooper and Golden Living, not between Catherine Johnson and Golden Living. Because Golden Living puts forth no evidence that Johnson had legal authority to bind Cooper to a contract, no valid contract exists. Thus, a third-party beneficiary analysis is not necessary, as a third-party beneficiary can exist only when a valid contract exists. Because no valid arbitration provision exists, we affirm the trial court’s decision to deny Golden Living’s Motion to Dismiss Proceeding and to Compel Arbitration.
¶ 11. AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.

. The record does not contain the admission agreement.

. Anthony Cooper, on behalf of Mose Cooper’s wrongful death beneficiaries, is also a plaintiff in this case.

. Batesville Hospital Management, Inc., *565 D/B/A Batesville Specialty Hospital, joins Golden Living’s brief on appeal. It also joined Golden Living's motion to dismiss proceeding and compel arbitration. As the trial court noted, joinder is "odd as the claims against this Defendant did not even occur at the same time as the claims against [Golden Living], according to the complaint, and also counsel for this Defendant did not appear at oral argument on the motion.”

. The second prong is not at issue in this case.