# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 18-60749
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 19, 2019
Lyle W. Cayce
Clerk

CATHY J. BOWLES,

Plaintiff - Appellant

v.

ONEMAIN FINANCIAL GROUP, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, COSTA, and HO, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Cathy Bowles appeals the district court's order compelling the arbitration of her federal age discrimination suit against OneMain Financial. Bowles objected to arbitration on the grounds that a valid arbitration agreement was never formed between her and OneMain for two reasons: first, there was no meeting of the minds and, second, the circumstances surrounding the arbitration agreement's formation render it procedurally unconscionable. Although the district court correctly rejected Bowles's meeting of the minds

argument, it erroneously referred her procedural unconscionability[1] challenge to the arbitrator. Because procedural unconscionability goes to contract formation under Mississippi law, the district court should have ruled on this objection. Accordingly, we REVERSE and VACATE the district court's order and REMAND to the district court to decide the merits of Bowles's procedural unconscionability claim.

I.

Bowles had worked for OneMain Financial Group and its predecessors since 1998. Over that period she had agreed several times through employment contracts and acknowledgments of employee handbooks to refer all employment disputes to arbitration. In 2016, Bowles was again required to review and acknowledge OneMain's Employee Dispute Resolution Program/Agreement ("Arbitration Agreement"). This Arbitration Agreement provides that any employment-related dispute will be referred to arbitration in accordance with the rules and procedures of the American Arbitration Association. In addition, the Arbitration Agreement contained a delegation

---

[1] We recently set out the difference between procedural and substantive unconscionability under Mississippi law:

> Under substantive unconscionability, we look within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties. Procedural unconscionability may be proved by showing a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms.

*Begole v. N. Miss. Med. Ctr., Inc.*, 761 F. App'x 248, 251 (5th Cir. 2019) (internal citations and quotation marks omitted). Neither party disputes that Bowles's objection is to procedural rather than substantive unconscionability. Furthermore, by using the term "procedural unconscionability" and grounding her objection in disparate bargaining power, her lack of a meaningful opportunity to bargain, and fraud in procuring her assent, we are convinced that Bowles's objection is indeed to procedural unconscionability.

clause, which delegated to the arbitrator as follows: "any legal dispute . . . arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration." On November 15, 2016, Bowles viewed the Arbitration Agreement[2] and electronically signed a certificate that reads: "I hereby certify that I have carefully read the Employment Dispute Resolution Program/Agreement within and that I understand and agree to its terms."

In October 2017, OneMain terminated Bowles for allegedly inappropriate interactions with employees under her supervision. Bowles filed an unsuccessful administrative complaint with the EEOC. She next filed suit in federal court alleging that her termination violated the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. In response, OneMain moved the district court, under the Federal Arbitration Act,[3] to compel Bowles to arbitrate her claims pursuant to the 2016 Arbitration Agreement.

Bowles objected to OneMain's motion to compel by challenging the formation of the Arbitration Agreement itself on two grounds. First, she argued that there was no "meeting of the minds" because she did not understand that she was agreeing to a binding arbitration agreement and

---

[2] Before signing, the software required Bowles to open the Arbitration Agreement.

[3] The Federal Arbitration Act provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

therefore there was not the mutual assent necessary for contract formation under Mississippi law. Second, she argued that the Agreement was procedurally unconscionable because her assent was obtained through misrepresentation, she never had a meaningful opportunity to bargain, and there was a gross disparity in the parties' bargaining power.

The district court granted OneMain's motion to compel and dismissed the case with prejudice. It first found that there was the meeting of the minds necessary for contract formation in Mississippi. Next, instead of considering Bowles's procedural unconscionability claim on the merits, the district court found that "[c]laims of unconscionability do not affect whether an arbitration agreement has been entered but, instead, such claims permit a court to invalidate an otherwise existing agreement." Thus, reasoning that Bowles's procedural unconscionability objection went to the enforceability of the Arbitration Agreement and not its formation, the court held that this argument must be decided by the arbitrator under the Arbitration Agreement's delegation clause. Accordingly, the district court granted OneMain's motion to compel arbitration and dismissed the case with prejudice.

Bowles has now appealed arguing that the district court incorrectly upheld the validity of the Arbitration Agreement on the erroneous ground that there was a meeting of the minds, and further erred by referring her procedural unconscionability claim to the arbitrator when, under Mississippi law, such objections are for the court to decide.

## II.

"This court reviews the grant or denial of a motion to compel arbitration de novo." *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (citing *Morrison v. Amway Corp.*, 517 F.3d 248 (5th Cir. 2008)). To determine whether the parties entered a valid arbitration agreement, "courts generally . . . should apply ordinary state-law principles that govern the formation of

contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In Mississippi, "[t]he elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) *parties with legal capacity to make a contract*, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 (Miss. 2013) (quoting *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1158 (Miss. 2010)). Under Mississippi law, both of Bowles's challenges—meeting of the minds and procedural unconscionability—go to contract formation. *See West v. West*, 891 So. 2d 203, 213 (Miss. 2004) ("Procedural unconscionability goes to the formation of the contract." (citing *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 714 (Miss. 2002))); *GGNSC Batesville*, 109 So. 3d at 565 (mutual assent necessary element of contract formation).

Furthermore, courts must follow a two-step analysis to determine whether a claim must be arbitrated. "At step one, 'the court must determine whether the parties entered into *any arbitration agreement at all*.'" *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019) (quoting *IQ Prod. Co. v. WD-40 Co.*, 871 F.3d 344, 348 (5th Cir. 2017)). At step two, "we engage in a 'limited' inquiry: '[W]hether the [parties'] agreement contains a valid delegation clause.'" *Id.* (alteration in original) (quoting *IQ Prod.*, 871 F.3d at 348). If the agreement contains such a delegation clause, "a motion to compel arbitration should be granted in almost all cases." *Id.* (quoting *IQ Prod.*, 871 F.3d at 348).

Our concern in this appeal relates only to step one. Courts may not refer the step one inquiry—whether an arbitration agreement was formed in the first place—to the arbitrator. *See Lloyd's Syndicate 457*, 921 F.3d at 514 ("The first step is a question of contract formation only—did the parties form a valid agreement to arbitrate some set of claims. This inquiry is for the court."

(internal quotation marks and citation omitted)); *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003) ("Where the very existence of any [arbitration] agreement is disputed, it is for the courts to decide at the outset whether an agreement was reached."); *see also Begole*, 761 F. App'x at 251 ("[W]here a party challenges the validity of the agreement to arbitrate in particular, the district court must weigh in on whether the specific decision to agree to arbitrate was unconscionable.").

III.

Bowles argues that no valid arbitration agreement was ever formed for two reasons. First, there was no meeting of the minds and therefore no mutual assent necessary to contract formation. The district court, finding that this challenge goes to the formation of the Arbitration Agreement, considered and dismissed the claim based on Mississippi law. Bowles challenges the district court's application of Mississippi law to the merits of her meeting of the minds objection, arguing, as she did below, that she never had the intent to sign an arbitration agreement and was unaware of the nature of the document she signed.

Second, Bowles argues that the Arbitration Agreement was not validly formed because the circumstances surrounding its formation rendered it procedurally unconscionable. The district court found that Bowles's procedural unconscionability challenge went to the enforceability rather than the formation of the Arbitration Agreement and therefore referred it to the arbitrator for decision, in accordance with the Arbitration Agreement's delegation clause. Bowles challenges that decision on the grounds that procedural unconscionability goes to contract formation and must be decided by the district court, not the arbitrator. We address each of Bowles's arguments as follows.

## IV.

### A.

Bowles first argues that there was no meeting of the minds because she did not intend to agree to arbitrate employment-related disputes. The district court correctly found that this objection is a challenge to contract formation under Mississippi law and examined the merits of Bowles's meeting of the minds argument. We can find no error in the district court's ruling on the merits of Bowles's meeting of the minds objection. The court correctly found that the electronic communications transmitting the Arbitration Agreement clearly identified an arbitration agreement as the subject of the communications. Furthermore, Bowles was given the opportunity to read the Agreement and certified that she had "carefully read the Employment Dispute Resolution Program/Agreement within and that I understand and agree to its terms." Bowles cannot deny that she thus agreed to the Arbitration Agreement. Instead, she argues that she thought she was "simply acknowledging receipt of another policy or directive" and did not understand she was agreeing to arbitrate her employment disputes. The district court correctly held that such a unilateral lack of diligence does not preclude contract formation under Mississippi law. *See Hicks v. Bridges*, 580 So. 2d 743, 746 (Miss. 1991) ("A person cannot avoid a signed, written contract on the grounds that he did not read it . . . . 'To permit a party when sued on a written contract to admit that he signed it but to deny that it expresses the agreement or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts.'" (quoting *Busching v. Griffin*, 542 So. 2d 860, 865 (Miss. 1989))). The district court thus made no error in concluding that there was the meeting of the minds between Bowles

and OneMain necessary for contract formation, and this portion of the district court's ruling is affirmed.[4]

B.

We turn now to the district court's holding that Bowles's procedural unconscionability objection must be decided by the arbitrator. Although the district court considered Bowles's meeting of the minds objection on the merits, it held that her procedural unconscionability argument was for the arbitrator to resolve. Accordingly, the dispositive question here is whether, under Mississippi law, Bowles's procedural unconscionability objection is a challenge to contract enforcement, as the district court reasoned, or contract formation.

We think the district court plainly erred. In Mississippi, it is pellucid that "[p]rocedural unconscionability goes to the formation of the contract." *West*, 891 So. 2d at 213 (citing *East Ford, Inc.*, 826 So. 2d at 714). Because Bowles's procedural unconscionability objection challenges the formation of the Arbitration Agreement itself, the district court had the duty to resolve this challenge.[5] *See Lloyd's Syndicate 457*, 921 F.3d at 514; *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 431 (5th Cir. 2004) (district court applying Mississippi law had the "authority and the responsibility to adjudicate whether the arbitration agreement . . . was procedurally unconscionable"). The district court thus erred in dismissing the case without adjudicating Bowles's procedural unconscionability challenge to the Arbitration Agreement's

---

[4] Furthermore, we hold that the district court had sufficient evidence to dismiss this argument without an evidentiary hearing.

[5] Although "generally, allegations of unconscionability[] related to the formation of the contract as a whole, are for the arbitrator . . . where a party challenges the validity of the agreement to arbitrate in particular, the district court must weigh in on whether the specific decision to agree to arbitrate was unconscionable." *Begole*, 761 F. App'x at 251 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967)). Here, Bowles's procedural unconscionability "line of attack, aim[s] at the arbitration [agreement] alone." *Banc One Acceptance Corp.*, 367 F.3d at 431.

formation. We therefore remand for the district court to decide the merits of Bowles's procedural unconscionability objection. We have nothing to say about the merits of that question.

V.

Accordingly, the district court's order compelling arbitration and dismissing the complaint is REVERSED and VACATED and the case is REMANDED for the district court to decide the merits of Bowles's procedural unconscionability objection and in that light to reconsider and rule on OneMain's motion to compel arbitration.

REVERSED, VACATED, and REMANDED.