# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60749

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

CATHY J. BOWLES,

       Plaintiff - Appellant

v.

ONEMAIN FINANCIAL GROUP, L.L.C.,

       Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, JONES, and ENGELHARDT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Cathy Bowles appeals the district court's order compelling the arbitration of her federal age discrimination suit against OneMain Financial. Bowles objected to arbitration on the grounds that a valid arbitration agreement was never formed between her and OneMain for two reasons: first, there was no meeting of the minds and, second, the circumstances surrounding the arbitration agreement's formation render it procedurally unconscionable. We hold that the district court correctly rejected Bowles's meeting of the minds

No. 18-60749

argument and correctly held that her procedural unconscionability[1] challenge must be decided by an arbitrator, not the courts.  For those reasons, we AFFIRM the district court's order.

## I.

Bowles had worked for OneMain Financial Group and its predecessors since 1998.  Over that period she had agreed several times through employment contracts and acknowledgments of employee handbooks to refer all employment disputes to arbitration.  In 2016, Bowles was again required to review and acknowledge OneMain's Employee Dispute Resolution Program/Agreement ("Arbitration Agreement").  This Arbitration Agreement provides that any employment-related dispute will be referred to arbitration in accordance with the rules and procedures of the American Arbitration Association.  In addition, the Arbitration Agreement contained a delegation clause, which delegated to the arbitrator as follows: "any legal dispute . . . arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration."  On

---

[1] We recently set out the difference between procedural and substantive unconscionability under Mississippi law:

> Under substantive unconscionability, we look within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties. Procedural unconscionability may be proved by showing a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms.

*Begole v. N. Miss. Med. Ctr., Inc.*, 761 F. App'x 248, 251 (5th Cir. 2019) (unpublished) (per curiam) (internal citations and quotation marks omitted).  Neither party disputes that Bowles's objection is to procedural rather than substantive unconscionability.  Furthermore, by using the term "procedural unconscionability" and grounding her objection in disparate bargaining power and her lack of a meaningful opportunity to bargain, it is clear that Bowles's objection is indeed to procedural unconscionability.

No. 18-60749

November 15, 2016, Bowles viewed the Arbitration Agreement[2] and electronically signed a certificate that reads: "I hereby certify that I have carefully read the Employment Dispute Resolution Program/Agreement within and that I understand and agree to its terms."

In October 2017, OneMain terminated Bowles for allegedly inappropriate interactions with employees under her supervision. Bowles filed an unsuccessful administrative complaint with the EEOC. She next filed suit in federal court alleging that her termination violated the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. In response, OneMain moved the district court, under the Federal Arbitration Act,[3] to compel Bowles to arbitrate her claims pursuant to the 2016 Arbitration Agreement.

Bowles objected to OneMain's motion to compel by challenging the formation of the Arbitration Agreement itself on two grounds. First, she argued that there was no "meeting of the minds" because she did not understand that she was agreeing to a binding arbitration agreement and therefore there was not the mutual assent necessary for contract formation under Mississippi law. Second, she argued that the Agreement was

---

[2] Before signing, the software required Bowles to open the Arbitration Agreement.

[3] The Federal Arbitration Act provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

No. 18-60749

procedurally unconscionable because of disparate bargaining power and her lack of a meaningful opportunity to bargain.

The district court granted OneMain's motion to compel and dismissed the case with prejudice. It first found that there was the meeting of the minds necessary for contract formation in Mississippi. Next, instead of considering Bowles's procedural unconscionability claim on the merits, the district court found that "[c]laims of unconscionability do not affect whether an arbitration agreement has been entered but, instead, such claims permit a court to invalidate an otherwise existing agreement." Thus, finding that Bowles's procedural unconscionability objection went to the enforceability of the Arbitration Agreement and not its formation, the court held that this argument must be decided by the arbitrator under the Arbitration Agreement's delegation clause, which we have earlier quoted. Accordingly, the district court granted OneMain's motion to compel arbitration and dismissed the case with prejudice.

Bowles appealed, arguing that the district court incorrectly upheld the validity of the Arbitration Agreement on the erroneous ground that there was a meeting of the minds, and further erred by referring her procedural unconscionability claim to the arbitrator when, under Mississippi law, such objections are for the court to decide.

This court issued an opinion on June 19, 2019. 927 F.3d 878. Upon petition for rehearing, that opinion was withdrawn on January 24, 2020. 947 F.3d 874. Subsequently, the case was placed on the calendar of this panel for March 31, 2020 consideration. We thus turn to that consideration.

II.

"This court reviews the grant or denial of a motion to compel arbitration de novo." *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (citing *Morrison v. Amway Corp.*, 517 F.3d 248 (5th Cir. 2008)). If the *existence*

No. 18-60749

of an arbitration contract between parties is challenged, the challenge is always for the courts to decide. *Will-Drill Resources, Inc., v. Samson Resources Co.*, 352 F.3d 211, 219 (5th Cir. 2003). Once the arbitration contract itself has been established, however, then whether that contract may be enforced for or against the parties in the particular case is for an arbitrator to decide. *Id.* at 218.[4] In determining whether a challenge is to formation itself or to subsequent enforcement, courts should "apply[] state-law principles of contract." *Id.* This case concerns a Mississippi contract. In Mississippi, "[t]he elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 (Miss. 2013) (quoting *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1158 (Miss. 2010)).

## III.

We address each of Bowles's two challenges in turn. First, Bowles says that there was no meeting of the minds because she did not intend to agree to arbitrate employment-related disputes. The district court found that this challenge goes to the formation of the Arbitration Agreement and is therefore to be decided by the courts. We agree. *See GGNSC Batesville*, 109 So. 3d at 565 (holding that mutual assent is a necessary element of contract formation).

On the merits, the district court dismissed this argument based on Mississippi law. Bowles challenges this application of Mississippi law to the merits of her meeting of the minds objection, arguing, as she did below, that

---

[4] Two exceptions to this general rule are not applicable in this case. *See infra* note 7.

5

she never had the intent to sign an arbitration agreement and was unaware of the nature of the document she signed.

We can find no error in the district court's ruling on the merits of Bowles's meeting of the minds objection.  The court correctly found that the electronic communications transmitting the Arbitration Agreement clearly identified an arbitration agreement as the subject of the communications.  Furthermore, Bowles was given the opportunity to read the Agreement and certified that she had "carefully read the Employment Dispute Resolution Program/Agreement within and that I understand and agree to its terms."  Bowles cannot deny that she thus agreed to the Arbitration Agreement.    Instead, she argues that she thought she was "simply acknowledging receipt of another policy or directive" and did not understand she was agreeing to arbitrate her employment disputes.  The district court correctly held that such a unilateral lack of diligence does not preclude contract formation under Mississippi law.  *See Hicks v. Bridges*, 580 So. 2d 743, 746 (Miss. 1991) (quoting *Busching v. Griffin*, 542 So. 2d 860, 865 (Miss. 1989)) ("A person cannot avoid a signed, written contract on the grounds that he did not read it . . . . 'To permit a party when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts.'").  The district court thus made no error in concluding that there was the meeting of the minds between Bowles and OneMain necessary for contract formation, and this portion of the district court's ruling is affirmed.[5]

---

[5] Furthermore, we hold that the district court had sufficient evidence to dismiss this argument without an evidentiary hearing.

IV.

Second, Bowles argues that there was no arbitration contract because the circumstances surrounding its formation rendered it procedurally unconscionable. She argues that in the procedure that led to the arbitration contract, *i.e.* the negotiations, there was disparate bargaining power and lack of a meaningful opportunity for her to bargain.

The district court was correct to find that Bowles's procedural unconscionability challenge went to whether the Arbitration Agreement should be enforced rather than to whether an agreement had been formed between the parties. Thus, the district court did not err to refer this challenge to the arbitrator for decision. This referral was consistent with Mississippi Supreme Court precedent.

In *Caplin Enters. Inc. v. Arrington*, 145 So. 3d 608 (Miss. 2014), plaintiffs challenged an arbitration agreement contained within a larger contract as *both* procedurally and substantively unconscionable. The Mississippi Supreme Court explicitly categorized *both* of these unconscionability claims as relating to the enforcement of the arbitration agreement, not to whether the agreement to arbitrate was itself validly formed. *See id.* at 613 ("The plaintiffs focus on the alleged procedural and substantive unconscionability of the arbitration clauses; *they do not argue that the contract itself was invalid.*") (emphasis added). The Court first found that a valid contract had been formed. *See id.* ("[C]onsideration [was given]; the agreement was sufficiently definite; and there was no legal prohibition precluding the contract. The parties have not presented any evidence that they lacked the legal capacity to contract or that mutual assent was lacking. Therefore, we find that each element of a contract is present."). *After* determining that "the parties agreed to arbitrate the dispute," *id.*, the court then considered "whether 'defenses available under state contract law such as fraud, duress, and unconscionability' may invalidate

the arbitration agreement." *Id.* at 614. (quoting *E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002)).  The court then focused on both procedural and substantive unconscionability as *defenses*, to the enforcement of the contract. *See id.* ("The only defense at issue is unconscionability . . . . Two strains of unconscionability are recognized—procedural and substantive.").

Several other Mississippi Supreme Court cases have classified unconscionability challenges as challenges to enforcement rather than formation, without distinguishing between procedural and substantive unconscionability.  Each such case involved a procedural unconscionability challenge.  *See, e.g.*, *East Ford*, 826 So. 2d at 713 (emphasis added) (citing *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 686 (1996)) ("In the present case, the outcome of the first prong [whether a valid contract was formed] is not disputed. . . .  Under the second prong, applicable contract defenses available under state contract law such as fraud, duress, and *unconscionability* may be asserted to invalidate the arbitration agreement[.]"); *Smith v. Express Check Advance of Miss., LLC*, 153 So. 3d 601, 606–07 (Miss. 2014) (citation omitted) ("[N]either party disputes that the arbitration clause purports to submit [Plaintiff's] claim to arbitration. . . . Instead, [Plaintiff] attacks the enforcement of that provision based on the doctrine of unconscionability, one of the 'legal constraints external to the parties' agreement' which may foreclose enforcement."); *Trinity Mission Health & Rehab of Holly Springs, LLC v. Lawrence*, 19 So. 3d 647, 650 (Miss. 2009) ("[Plaintiff] argues that, should this Court find that there is a valid arbitration agreement, it should not be enforced because it is procedurally unconscionable[.]"); *Norwest Fin. Miss., Inc. v. McDonald*, 905 So. 2d 1187, 1192 (Miss. 2005) (emphasis added) (citation omitted) ("[W]hether an agreement to arbitrate may be held *unenforceable because it is unconscionable* is determined in reference to state law contract principles.").

No. 18-60749

Applying Mississippi law to an arbitration challenge, this court has likewise categorized *both* procedural and substantive unconscionability as challenges to contract enforcement, not contract formation. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 430 (5th Cir. 2004) ("[Plaintiff] does not challenge the 'very existence' of the contract. . . .  Instead, [Plaintiff] asserts that the arbitration clause is 'procedurally unconscionable[.]'"); *see also Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (unpublished) (per curiam) ("[Plaintiffs] argue that they did not enter into valid agreements to arbitrate their claims, the arbitration agreements are unenforceable because of procedural and substantive unconscionability, and the arbitration agreements violate [federal law]."); *Carson v. Higbee Co.*, 149 F. App'x 289, 291 (5th Cir. 2005) (unpublished) (per curiam) ("[Plaintiff] claims that if an agreement to arbitrate does exist, that agreement is unconscionable.").

Bowles's procedural unconscionability challenge is a challenge to contract enforcement rather than contract formation. [6]  Her challenge therefore must be referred to an arbitrator. *Will-Drill*, 352 F.3d at 218.[7]

---

[6] Bowles's argument that procedural unconscionability is a challenge to contract formation under Mississippi law relies on a single sentence in the Mississippi Supreme Court case *West v. West*, 891 So. 2d 203 (Miss. 2004).  In that case, the court stated without discussion or analysis that "[p]rocedural unconscionability goes to the formation of the contract." *Id.* at 213.

We are unpersuaded by an argument based on this single sentence. (We recognize that in this court's earlier opinion, now withdrawn, the court found this argument persuasive. Further examination of Mississippi law has given us a more complete view and convinced us that the earlier opinion was in error.)  First, *West* was in existence when the Mississippi Supreme Court decided those other cases to which we have alluded, which belie this bald statement.  None of those cases apparently viewed *West* as a bar to hold explicitly that such challenges are enforcement challenges.  And second, in context, we think it is clear that the *West* court only meant to distinguish procedural unconscionability from substantive unconscionability at a more general level.  When we have previously cited this sentence from *West*, it has likewise been for the purpose of distinguishing the two types of unconscionability at a general level. *See Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 458 (5th Cir. 2005).

[7] Two exceptions to this rule are not applicable in this case.  If an arbitration agreement does not include a delegation clause referring enforcement challenges to an arbitrator, then enforcement challenges may remain with the courts. *First Options of Chi.,*

No. 18-60749

V.

In this opinion, we have decided two issues. First, the district court correctly found that there was a meeting of the minds between Bowles and OneMain necessary for the formation of the Arbitration Agreement. Second, contrary to this court's earlier withdrawn opinion, we have decided that Bowles's challenge to the Arbitration Agreement as procedurally unconscionable was a challenge to the Agreement's enforceability, not to its existence. For that reason, under the delegation clause in the Agreement that sends all enforcement challenges to an arbitrator, the district court correctly referred this challenge to the arbitrator. Accordingly, the district court's order compelling arbitration and dismissing the complaint is

AFFIRMED.

---

*Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). But the agreement here does contain a delegation clause. *See infra* Part 1. And if an enforcement challenge is targeted solely at a delegation clause, then the challenge remains with the courts. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 71–72 (2010). But Bowles's enforcement challenge is by her own admission to the Arbitration Agreement as a whole, not just to the delegation clause.