NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3314
_____

ROXANNE SCOTT,
                                        Appellant

v.

CVS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cv-01207)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 11, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 15, 2023)
_____
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roxanne Scott appeals pro se from the order of the United States District Court for the Western District of Pennsylvania granting defendant's motion to dismiss and compel arbitration. We will affirm the District Court's judgment.

When Scott entered employment with CVS Pharmacy, Inc. ("CVS"), she signed an employment agreement which contained an agreement to arbitrate. Scott's employment was terminated in November 2018, and she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed the complaint and issued a right-to-sue letter. Scott then filed a complaint in the District Court, alleging that CVS discriminated against her based on her race, created a hostile work environment, and retaliated against her. CVS moved to dismiss Scott's amended complaint, arguing that her claims were subject to binding arbitration and requesting that she be ordered to submit to arbitration. In response, Scott filed a motion for summary judgment, arguing that her arbitration agreement did not preclude the EEOC from protecting her. The District Court determined that both parties clearly agreed to be bound by the arbitration agreement, that the agreement covered Scott's claims, and that issues of arbitrability were delegated to the arbitrator. It granted CVS's motion to compel arbitration and dismissed the case without prejudice to Scott to file a claim in arbitration. Scott now appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3). See Cup v. Ampco Pittsburgh Corp., 903 F.3d 58, 62 (3d Cir. 2018). We exercise plenary review of the District Court's decision to compel arbitration. See Khazin v. TD Ameritrade Holding Corp., 773 F.3d 488, 490 n.1 (3d Cir. 2014). We construe Scott's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We agree with the District Court's decision to dismiss the complaint and compel arbitration, but, as we explain below, our reasoning differs slightly from the District Court's. Although there is a "strong federal policy in favor of the resolution of disputes through arbitration," that policy "does not lead automatically to the submission of a dispute to arbitration upon the demand of a party to the dispute." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 522–23 (3rd Cir. 2009). Instead, before compelling a party to arbitrate pursuant to the Federal Arbitration Act ("FAA"),[1] "a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." Id. at 523.

But parties may "agree that arbitrators, not courts, shall resolve arbitrability issues by including in the contract a so-called 'delegation provision' conferring upon the arbitrators the 'exclusive authority' to decide those gateway matters." MZM Constr. Co., Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds, 974 F.3d 386, 399 (3d Cir. 2020); see also AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986) (explaining that the question of arbitrability is an issue for judicial determination unless the parties "clearly and unmistakably provide otherwise"). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." Rent-A-Center., W., Inc. v. Jackson, 561 U.S. 63, 70 (2010). Accordingly, to

---

[1] By the terms of the arbitration agreement, the FAA governs. See ECF No. 10 at 6 ¶ 8(d); see also Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct., 618 F.3d 277, 288 (3d Cir. 2010) (explaining that parties may contract to arbitrate pursuant to specific arbitration rules).

resolve questions of arbitrability, courts ask (1) if there is a valid agreement between the parties to delegate questions of arbitrability, and (2) whether the parties "clearly and unmistakably" intended to delegate arbitrability questions. See Zirpoli v. Midland Funding, LLC, 48 F.4th 136, 142–44 (3d Cir. 2022).

CVS argued in its motion to dismiss that, pursuant to the arbitration agreement, any gateway issues, including whether an enforceable agreement exists and whether that agreement applies to Scott's claims, must be delegated to the arbitrator. We agree. As the District Court noted, the arbitration agreement here covers "disputes arising out of or relating to the validity, enforceability or breach of this Agreement." Courts have found similar provisions sufficient to delegate the question of arbitrability. See Mohamed v. Uber Techs., Inc., 848 F.3d 1201, 1208–09 (9th Cir. 2016); Bowles v. OneMain Fin. Grp., L.L.C., 954 F.3d 722, 724–25 (5th Cir. 2020).

We are required to enforce arbitration agreements "according to their terms" and, in the absence of some other generally applicable contract defense directed to the delegation provision, such as fraud, duress, or unconscionability, let an arbitrator determine arbitrability. Rent-A-Center, 561 U.S. at 67–68. Scott does not appear to raise any defenses related to fraud, duress, or unconscionability that would prevent the arbitrator from determining arbitrability,[2] and we see no indication that those issues are present here. Because the

---

[2] Scott argued in her motion for summary judgment that arbitrators are not required to uphold procedural or evidentiary rules and, on appeal, she argues that this violates due process. But Scott has not provided any law or analysis to suggest that due process requires arbitrators to strictly comply with formal procedural or evidentiary rules. See Bernhardt v. Polygraphic Co. of Am., 350 U.S. 198, 203 n.4 (1956) (explaining that "[a]rbitrators are not bound by the rules of evidence"); Hoteles Condado Beach, La Concha & Convention

4

"parties' contract delegates the arbitrability question to an arbitrator . . . . a court possesses no power to decide the arbitrability issue." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 529 (2019). Thus, to the extent that the District Court addressed those issues, it was improper, but it correctly dismissed the complaint and compelled arbitration. Accordingly, we will affirm the District Court's judgment.

---

Ctr. v. Union De Tronquistas Loc. 901, 763 F.2d 34, 38 (1st Cir. 1985) (explaining that arbitration proceedings "are not constrained by formal rules of procedure or evidence").

Relatedly, Scott claimed that the arbitration agreement did not preclude her from seeking protection from the EEOC and that compelled arbitration "goes beyond the reach of the agreement itself to attempt to deny the plaintiff due process and access to the EEOC." As CVS acknowledges, the arbitration provision specifically excludes claims to the EEOC from its coverage. See ECF No. 10 at 5 ¶ 3. Indeed, it appears that Scott actually did present her claims to the EEOC. To the extent that Scott claimed that the EEOC discriminated against her on the basis of race or color by refusing to investigate her claims, this claim does not appear to be directed against CVS, the only named defendant. If she does wish to raise such a claim against CVS, she must present it to the arbitrator.

Finally, Scott argues that CVS relinquished the right to arbitrate by litigating too long or by failing to request arbitration during EEOC proceedings. See Morgan v. Sundance, Inc., 142 S. Ct. 1708, 1714 (2022). However, there is nothing to suggest that CVS was required to preserve its right to arbitrate during EEOC proceedings (particularly considering that the terms of the agreement specifically did not prohibit Scott from filing a complaint with the EEOC) or that CVS's motion to compel arbitration—which was filed less than a month after CVS was served with Scott's amended complaint—was somehow so untimely that CVS forfeited its right to arbitrate. See generally Palcko v. Airborne Express, Inc., 372 F.3d 588, 598 (3d Cir. 2004).